UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARCHELLE GINSBURG, | CIVIL COMPLAINT |
| Plaintiff, | |
| v. | CASE NO. 1:20-cv-04652 |
| ENDURANCE WARRANTY SERVICES, L.L.C., | DEMAND FOR JURY TRIAL |
| Defendant. | |

## **COMPLAINT**

NOW comes MARCHELLE GINSBURG ("Plaintiff"), by and through her attorneys, Consumer Law Partners, LLC, complaining as to the conduct of ENDURANCE WARRANTY SERVICES, L.L.C. ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for violations of the Telephone Consumer Protection Act ("TCPA") pursuant to 47 U.S.C. §227 *et seq.*, the Electronic Funds Transfer Act ("EFTA") under 15 U.S.C. § 1693 *et seq.*, and the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA") under 815 ILCS 505/, for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the TCPA and the EFTA. Subject matter jurisdiction is conferred upon this Court by 47 U.S.C §227, 15 U.S.C. § 1693, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for Plaintiff's state law claim pursuant to 28 U.S.C. §1367.

1

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Northern District of Illinois and a substantial portion the events or omissions giving rise to the claims occurred within the Northern District of Illinois.

### PARTIES

4. Plaintiff is a natural person over 18 years-of-age residing in Lake County, Illinois, which is located within the Northern District of Illinois.

5. Plaintiff is a "person" as defined by 47 U.S.C. §153(39).

6. Defendant is a third-party warranty service provider that provides extended vehicle protection plans to consumers across the country.[1] Defendant regularly uses the phone to solicit consumers to enroll in its services, and uses the phone and mail to collect upon consumers who have defaulted on their extended warranty policy. Defendant's principal place of business is located at 400 Skokie Boulevard, Suite 105, Northbrook, Illinois 60062, and its registered agent is Cogency Global Inc., located at 600 South Second Street, Suite 404, Springfield, Illinois 62704. Defendant regularly solicits and collects upon consumers located within the state of Illinois.

7. Defendant is a "person" as defined by 47 U.S.C. §153(39).

8. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

### FACTS SUPPORTING CAUSES OF ACTION

9. In early 2020, Plaintiff consistently began receiving calls from Defendant to her cellular phone, (847) XXX-1902.

---

[1] https://www.endurancewarranty.com/why-endurance/

10. At all times relevant, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in -1902. Plaintiff is and has always been financially responsible for the cellular phone and its services.

11. Upon answering Defendant's phone calls, Plaintiff was informed that the warranty for her automobile was set to expire, and that Defendant was able to provide her with extended coverage.

12. Plaintiff was confused as to why Defendant was contacting her, considering the fact that Plaintiff never consented to receive Defendant's phone calls, nor was Plaintiff interested in obtaining a third-party extended vehicle protection plan.

13. Yet, Defendant's representatives were persistent in their solicitation efforts toward Plaintiff, and ultimately gave Plaintiff the impression that Defendant was affiliated with her previous vehicle warranty policy.

14. Accordingly, Plaintiff succumbed to Defendant's harassing solicitation phone calls and was deceived into enrolling in one of Defendant's protection plans.

15. To that end, Plaintiff supplied Defendant with her banking information, but did not authorize Defendant to withdraw any funds from her bank account.

16. Moreover, Plaintiff never received any initial documentation or agreement from Defendant evincing her authorization.

17. Yet, much to Plaintiff's dismay, Defendant subsequently withdrew an unauthorized sum of money from Plaintiff's bank account.

18. In addition, Defendant continued with its systematic phone calls to Plaintiff's cellular phone.

19. During answered calls from Defendant, Plaintiff experienced a noticeable pause, lasting a handful of seconds in length, and had to repeatedly say "hello" before she was connected with a live representative.

20. During other answered calls, Plaintiff was subjected to a pre-recorded message prior to being connected with one of Defendant's agents.

21. Upon speaking with a representative, Plaintiff was informed that Defendant was attempting to collect upon a defaulted vehicle protection plan that was purportedly incurred by Plaintiff ("subject debt").

22. Plaintiff was highly confused by Defendant's phone calls, as she was not interested in Defendant's services and did not authorize Defendant's withdrawal of funds.

23. As a result of the persistent nature of Defendant's phone calls, Plaintiff demanded that Defendant stop contacting her.

24. In spite of Plaintiff's demands, Defendant has willfully continued to place systematic calls to Plaintiff's cellular phone through the filing of this lawsuit.

25. Defendant has also placed multiple calls to Plaintiff's cellular phone during the same day, even after Plaintiff notified Defendant to cease its communications.

26. Defendant has placed not less than 40 calls to Plaintiff's cellular phone, in spite of Plaintiff's requests.

27. Defendant has primarily used the phone number (866) 222-9989 when placing calls to Plaintiff's cellular phone, but upon belief, Defendant has used other phone numbers as well.

28. Upon information and belief, the aforementioned phone number ending in -9989 is regularly utilized by Defendant to make outgoing solicitation and collection calls to consumers.

29. Due to Defendant's conduct, Plaintiff was forced to hire counsel and her damages therefore include reasonable attorneys' fees incurred in prosecuting this action.

30. Due to Defendant's conduct, Plaintiff is entitled to statutory damages, punitive damages and all other appropriate measures to punish and deter Defendant and other solicitors and collectors from engaging in the unlawful solicitation and collection practices described in this Complaint, *supra*.

31. Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

32. Plaintiff has suffered additional concrete harm as a result of Defendant's actions, including but not limited to: invasion of privacy, aggravation that accompanies collection telephone calls, emotional distress, increased risk of personal injury resulting from the distraction caused by the never-ending calls, increased usage of her telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on her cellular phone, and diminished space for data storage on her cellular phone.

### COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

33. Plaintiff repeats and realleges paragraphs 1 through 32 as though fully set forth herein.

34. The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using an automatic telephone dialing system ("ATDS") *or* pre-recorded messages without their consent. The TCPA, under 47 U.S.C. § 227(a)(1), defines an ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

35. Defendant used an ATDS in connection with its communications directed towards Plaintiff's cellular phone. The significant pause, lasting several seconds in length, that Plaintiff experienced during answered calls from Defendant before she was connected to a live

representative is instructive that an ATDS was being utilized to generate the phone calls. Additionally, Defendant's continued communications to Plaintiff's cellular phone after she demanded that the phone calls stop further demonstrates Defendant's use of an ATDS. Moreover, the nature and frequency of Defendant's contacts points to the involvement of an ATDS.

36. Upon information and belief, the system employed by Defendant to place phone calls to Plaintiff's cellular phone has the *capacity* – (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers.

37. Notwithstanding the aforementioned facts, Defendant has also used pre-recorded messages when placing calls to Plaintiff's cellular phone.

38. Defendant violated the TCPA by placing at least 40 phone calls to Plaintiff's cellular phone using an ATDS and pre-recorded messages without Plaintiff's consent. Plaintiff did not have any business relationship with Defendant nor did she grant it permission to call her cellular phone. Rather, Defendant was attempting to trick Plaintiff into enrolling in its services, and any consent that Plaintiff *may* have given Defendant was specifically revoked by Plaintiff's demands that it cease contacting her.

39. The calls placed by Defendant to Plaintiff were regarding business transactions and not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

40. Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff for at least $500.00 per call. Moreover, Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C). Calling an innocent individual over 40 times is willful and knowing behavior, especially since Plaintiff notified Defendant to stop contacting her. Defendant was aware that Plaintiff did not understand what, if any, relationship she had with

Defendant, and even after withdrawing an unauthorized sum of money from Plaintiff's bank account, as well as being told to stop calling, Defendant consciously chose to proceed with its unlawful conduct in light of that knowledge. Defendant did not have a legal right to contact Plaintiff, but its conduct exemplifies that Defendant will attempt to harass innocent consumers into submission.

WHEREFORE, Plaintiff, MARCHELLE GINSBURG, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

c. Awarding Plaintiff costs and reasonable attorney fees;

d. Enjoining Defendant from further contacting Plaintiff; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE ELECTRONIC FUNDS TRANSFER ACT

41. Plaintiff repeats and realleges paragraphs 1 through 40 as though fully set forth herein.

42. Plaintiff is a "consumer," as defined by 15 U.S.C. § 1693a(6).

43. Defendant is a "financial institution," as defined by 15 U.S.C. § 1693a(9).

    a. **Violations of EFTA § 1693e(a)**

44. The EFTA, pursuant to 15 U.S.C. § 1693e(a), provides that a "preauthorized electronic fund transfer from a consumer's account may be authorized by the consumer only in writing, and a copy of such authorization shall be provided to the consumer when made. A consumer may stop payment of a preauthorized electronic fund transfer by notifying the financial institution orally or in writing at any time up to three business days preceding the scheduled date of such transfer."

7

45. Defendant violated § 1693e(a) of the EFTA through its unauthorized withdrawal of funds from Plaintiff's bank account. Defendant swindled Plaintiff into enrolling in an extended vehicle protection plan, but Plaintiff never authorized Defendant to withdraw funds from her bank account. Defendant never supplied Plaintiff with a copy of any authorization, and was even told by Plaintiff to stop its attempts to extract money from her. Yet, Defendant continued to make these unauthorized withdrawals and extracted Plaintiff's money without her consent, causing Plaintiff additional financial distress and loss.

WHEREFORE, Plaintiff, MARCHELLE GINSBURG, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff actual damages pursuant to 15 U.S.C. § 1693m(a)(1);

c. Awarding Plaintiff damages of $1,000.00 pursuant to 15 U.S.C. § 1693m(a)(2)(A);

d. Awarding Plaintiff costs and reasonable attorney fees pursuant to 15 U.S.C. § 1693m(a)(3);

e. Enjoining Defendant from further contacting Plaintiff; and

f. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT III – VIOLATIONS OF THE ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT

46. Plaintiff restates and realleges paragraphs 1 through 45 as though fully set forth herein.

47. Plaintiff is a "person" and "consumer" as defined by 815 ILCS 505/1(c) and (e) of the ICFA.

48. Defendant's calls to Plaintiff are "trade" and "commerce" as defined by 815 ILCS 505/1(f) of the ICFA.

49. The ICFA states:

> "Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact . . . in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby." 815 ILCS 505/2.

50. Defendant violated 815 ILCS 505/2 by engaging in an unfair and deceptive act or practice in contacting Plaintiff. It was unfair for Defendant to relentlessly contact Plaintiff through means of an ATDS and pre-recorded messages after Plaintiff had notified Defendant to stop calling. Yet, Defendant placed *at least* 40 phone calls to Plaintiff's cellular phone with the intent of harassing Plaintiff to subscribe to its services, and ultimately to collect upon the same. Defendant ignored Plaintiff's demands and continued its harassing conduct. Defendant's continued conduct prompted Plaintiff to file this action.

51. Following its characteristic behavior in placing voluminous calls to consumers, Defendant engaged in an unfair and deceptive act, willfully done with the hope that Plaintiff would return its calls. Moreover, Defendant intended that Plaintiff rely on its unfair and deceptive conduct. Defendant had been notified of Plaintiff's demands that it cease calling her and to stop withdrawing funds from her bank account, but yet Defendant still proceeded with its harassing and unlawful conduct.

52. Plaintiff lacks a meaningful choice to go about avoiding Defendant's contacts, which places an unreasonable burden on Plaintiff to try and address Defendant's conduct. This further underscores the immoral, unethical, oppressive, and unscrupulous nature of Defendant's conduct which is contrary to public policy.

53. The ICFA was designed to protect consumers, such as Plaintiff, from the exact behavior committed by Defendant.

54. Defendant's conduct of placing incessant telephone calls to an individual without that individual's consent, as well as extracting funds from a consumer's bank account without that consumer's authorization (and failing to subsequently provide proof of the customer's authorization), involves trade practices directed to the market generally and which otherwise implicate consumer protection concerns.

55. Plaintiff was the subject of Defendant's incessant and relentless efforts. The nature of Defendant's conduct in placing relentless phone calls after consent for such calls had been explicitly revoked, as well as its conduct in withdrawing funds without Plaintiff's authorization (and failing to provide Plaintiff with proof of this authorization) is behavior which impacted Plaintiff and which would similarly impact other consumers. Such conduct raises serious consumer protection concerns as entities like Defendant must not be given free rein to harass consumers by placing excessive telephone calls and extracting money without consent. The relief requested below serves the interests of consumers by ensuring this pervasively unfair conduct is addressed.

56. The ICFA further states:

> "Any person who suffers actual damage as a result of a violation of this Act committed by any other person may bring an action against such person. The court, in its discretion may award actual economic damages or any other relief which the court deems proper." 815 ILCS 505/10a.

57. As pled in paragraphs 17 and 29 through 32, Plaintiff has suffered actual damages as a result of Defendant's unlawful practices. As such, Plaintiff is entitled to relief pursuant to 815 ILCS 505/10a.

58. An award of punitive damages is appropriate because placing *at least* 40 phone calls to Plaintiff's cellular phone without permission, as well as withdrawing an authorized amount of money from Plaintiff's bank account, is egregious conduct. Many of these calls were placed after

having verbal demands to cease. Such conduct is hallmark of outrageous, willful, and wanton behavior. Upon information and belief, Defendant regularly engages in the above-described behavior against consumers in Illinois and for public policy reasons should be penalized.

WHEREFORE, Plaintiff, MARCHELLE GINSBURG, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff actual and punitive damages, in an amount to be determined at hearing, for the underlying violations;

c. Awarding Plaintiff costs and reasonable attorney fees;

f. Enjoining Defendant from further contacting Plaintiff; and

d. Awarding any other relief as this Honorable Court deems just and appropriate.

DATED this 7th day of August, 2020.　　　　　　　　　Respectfully Submitted,

　　　　　　　　　　　　　　　　　　　　　　　　　　　*/s/ Taxiarchis Hatzidimitriadis*
　　　　　　　　　　　　　　　　　　　　　　　　　　　Taxiarchis Hatzidimitriadis #6319225
　　　　　　　　　　　　　　　　　　　　　　　　　　　David S. Klain #0066305
　　　　　　　　　　　　　　　　　　　　　　　　　　　CONSUMER LAW PARTNERS, LLC
　　　　　　　　　　　　　　　　　　　　　　　　　　　333 N. Michigan Ave., Suite 1300
　　　　　　　　　　　　　　　　　　　　　　　　　　　Chicago, Illinois 60601
　　　　　　　　　　　　　　　　　　　　　　　　　　　(267) 422-1000 (phone)
　　　　　　　　　　　　　　　　　　　　　　　　　　　(267) 422-2000 (fax)
　　　　　　　　　　　　　　　　　　　　　　　　　　　teddy@consumerlawpartners.com

　　　　　　　　　　　　　　　　　　　　　　　　　　　*Attorneys for Plaintiff, Marchelle Ginsburg*